---

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

**SOUTHERN DISTRICT OF NEW YORK**

Case number *(if known)* _____ Chapter 15

☐ Check if this an amended filing

---

## Official Form 401
# Chapter 15 Petition for Recognition of a Foreign Proceeding    12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

| | | |
|---|---|---|
| **1.** | **Debtor's name** | **Ted Baker Limited** |

| | | |
|---|---|---|
| **2.** | **Debtor's unique identifier** | **For non-individual debtors:** |
| | | ☒ Federal Employer Identification Number  **13-3953341** |
| | | ☐ Other ____. Describe identifier ____. |
| | | **For individual debtors** |
| | | ☐ Social Security Number: ____ |
| | | ☐ Individual Taxpayer Identification Number (ITIN): ____ |
| | | ☐ Other ____. Describe identifier ____. |

| | | |
|---|---|---|
| **3.** | **Name of foreign representative(s)** | **Ted Baker Canada Inc.** |

| | | |
|---|---|---|
| **4.** | **Foreign proceeding in which appointment of the foreign representative(s) occurred** | In the Matter of the *Companies' Creditors Arrangement Act,* R.S.C. 1985, c. C-36, as Amended and in the Matter of a Plan of Compromise or Arrangement of Ted Baker Canada Inc., Ted Baker Limited, OSL Fashion Services Canada Inc., and OSL Fashion Services, Inc. |

| | | |
|---|---|---|
| **5.** | **Nature of the foreign proceeding** | *Check one:* |
| | | ☐ Foreign main proceeding |
| | | ☐ Foreign nonmain proceeding |
| | | ☒ Foreign main proceeding, or in the alternative foreign nonmain proceeding |

| | | |
|---|---|---|
| **6.** | **Evidence of the foreign proceeding** | ☐ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached. |
| | | ☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached. |
| | | ☒ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached. |
| | | **Due to the timing of the first day hearing, the Debtors have provided a copy of the initial order as entered by the Canadian Court with the Petitions and will file a certified copy upon receipt.** |

| | | |
|---|---|---|
| **7.** | **Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?** | ☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending). |
| | | ☒ Yes |

| 8. | **Others entitled to notice** | Attach a list containing the names and addresses of: |
|---|---|---|

(i)    all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii)   all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii)  all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

---

**9.    Addresses**

**Country where the debtor has the center of its main interests:**

Canada

**Debtor's registered office:**

54 West 21st Street, 11th floor
New York, New York 10010

P.O. Box, Number, Street, City, State/Province/Region & ZIP/Postal Code

United States

Country

**Individual debtor's habitual residence:**

P.O. Box, Number, Street, City, State/Province/Region & ZIP/Postal Code

Country

**Address of foreign representative(s):**

Ted Baker Canada Inc.
5090 Orbitor Drive, Unit 1
Mississauga, Ontario ON L4W 5B5

P.O. Box, Number, Street, City, State/Province/Region & ZIP/Postal Code

Canada

Country

---

**10.   Debtor's website** (URL)    www.tedbaker.us

---

**11.   Type of debtor**

*Check one:*

☒ Non-individual (*check one*):

☒ Corporation. Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

☐ Partnership

☐ Other.
Specify: _____

☐ Individual

---

| 12. Why is the venue proper in *this district*? | Check one: |
|---|---|

☒ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district.

_____

☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:

_____

**13. Signature of foreign representative(s)**

I request relief in accordance with the chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct,

X /s/ Antoine Adams, director and corporate secretary of Ted Baker Canada Inc. as Foreign Representative

Signature of foreign representative

Antoine Adams
Printed name

Executed on **April 24, 2024**
MM / DD / YYYY

X _____
Signature of foreign representative

_____
Printed name

Executed on _____
MM / DD / YYYY

**14. Signature of attorney**

X /s/ Warren A. Usatine
Signature of Attorney for foreign representative

Date **April 24, 2024**
MM / DD / YYYY

**Warren A. Usatine**
Printed name

**Cole Schotz P.C.**
Firm name

**1325 Avenue of the Americas,
19th Floor
New York, NY 10019**
Number, Street, City, State & ZIP Code

**212-752-8000**
Contact phone

**wusatine@coleschotz.com**
Email address

**5700224 NY**
Bar number and State

### TED BAKER CANADA INC. - INITIAL ORDER

Electronically issued / Délivré par voie électronique : 24-Apr-2024
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-24-00718993-00CL



Court File No.  CV-24-00718993-00CL

### ONTARIO
### SUPERIOR COURT OF JUSTICE
### COMMERCIAL LIST

| | | |
|---|---|---|
| THE HONOURABLE | **)** | WEDNESDAY, THE 24th |
| | **)** | |
| MR. JUSTICE BLACK | **)** | DAY OF APRIL, 2024 |

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF TED BAKER CANADA INC., TED BAKER LIMITED, OSL FASHION SERVICES CANADA INC., and OSL FASHION SERVICES, INC.

### INITIAL ORDER

**THIS APPLICATION**, made by Ted Baker Canada Inc. ("**Ted Baker Canada**"), Ted Baker Limited, OSL Fashion Services Canada Inc. ("**Fashion Canada**"), and OSL Fashion Services, Inc. ("**Fashion US**" and collectively with Ted Baker Canada, Ted Baker Limited, and Fashion Canada, the "**Applicants**"), pursuant to the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "**CCAA**") was heard this day by judicial videoconference via Zoom at 330 University Avenue, Toronto, Ontario.

**ON READING** the affidavit of Antoine Adams sworn April 24, 2024, and the Exhibits thereto (the "**Adams Affidavit**"), and the pre-filing report dated April 24, 2024, of Alvarez & Marsal Canada Inc. ("**A&M**"), in its capacity as proposed monitor of the Applicants, and on being advised that the secured creditors who are likely to be affected by the charges created herein were given notice, and on hearing the submissions of counsel to the Applicants, A&M, and such other counsel present, and on reading the consent of A&M to act as monitor (in such capacity, the "**Monitor**").

Electronically issued / Délivré par voie électronique : 24-Apr-2024
Toronto Superior Court of Justice / Cour supérieure de justice

2

**SERVICE**

1.      **THIS COURT ORDERS** that the time for service of the Notice of Application and the
Application Record is hereby abridged and validated so that this Application is properly returnable
today and hereby dispenses with further service thereof.

**DEFINITIONS**

2.      **THIS COURT ORDERS** that unless otherwise indicated or defined herein, capitalized
terms have the meanings given to them in the Adams Affidavit.

**APPLICATION**

3.      **THIS COURT ORDERS AND DECLARES** that the Applicants are companies to which
the CCAA applies.

**POSSESSION OF PROPERTY AND OPERATIONS**

4.      **THIS COURT ORDERS** that the Applicants shall remain in possession and control of
their respective current and future assets, undertakings and properties of every nature and kind
whatsoever, and wherever situate including all proceeds thereof (the "**Property**"). Subject to
further Order of this Court, the Applicants shall continue to carry on business in a manner
consistent with the preservation of their business (the "**Business**") and Property. The Applicants
shall each be authorized and empowered to continue to retain and employ the employees,
independent contractors, advisors, consultants, agents, experts, appraisers, valuators, brokers,
accountants, counsel and such other persons (collectively, "**Assistants**") currently retained or
employed by them, with liberty to retain such further Assistants as they deem reasonably necessary
or desirable in the ordinary course of business or for the carrying out of the terms of this Order.

5.      **THIS COURT ORDERS** that the Applicants shall be entitled to continue to use the central
cash management systems currently in place as described in the Adams Affidavit, including,
without limitation, the Blocked Accounts Arrangement, or, with the consent of the Monitor and
the Interim Lender, replace them with other substantially similar central cash management systems
(together, the "**Cash Management System**") and that any present or future bank providing the
Cash Management System, including the Canadian Imperial Bank of Commerce, HSBC Bank

Electronically issued / Délivré par voie électronique : 24-Apr-2024
Toronto Superior Court of Justice / Cour supérieure de justice

Court File No./N° du dossier du greffe : CV-24-00718993-00CL

USA, National Association, and American Savings Bank, shall not be under any obligation whatsoever to inquire into the propriety, validity or legality of any transfer, payment, collection or other action taken under the Cash Management System, or as to the use or application by the Applicants of funds transferred, paid, collected or otherwise dealt with in the Cash Management System, shall be entitled to provide the Cash Management System without any liability in respect thereof to any Person (as hereinafter defined) other than the Applicants, pursuant to the terms of the documentation applicable to the Cash Management System, and shall be, in its capacity as provider of the Cash Management System, an unaffected creditor under any plan of compromise or arrangement ("**Plan**") with regard to any claims or expenses it may suffer or incur in connection with the provision of the Cash Management System.

6.      **THIS COURT ORDERS** that the Applicants shall be entitled but not required to pay the following expenses whether incurred prior to, on or after the date of this Order to the extent that such expenses are incurred and payable by the Applicants:

(a)      all outstanding and future wages, salaries, employee benefits (including, without limitation, employee medical, dental, registered retirement savings plan contributions and similar benefit plans or arrangements), vacation pay and expenses, in each case incurred in the ordinary course of business and consistent with existing compensation policies and arrangements, and all other payroll and benefits processing and servicing expenses;

(b)      all outstanding and future amounts invoiced to any of the Applicants from any independent contractors retained by any of the Applicants, payable prior to, on or after the date of this Order, in each case incurred in the ordinary course of business and consistent with existing payment arrangements;

(c)      all outstanding or future amounts related to honouring customer obligations, including customer pre-payments, deposits, gift cards, programs and other customer loyalty programs, offers and benefits, in each case incurred in the ordinary course of business and consistent with existing policies and procedures;

(d)      the fees and disbursements of any Assistants retained or employed by the Applicants at their standard rates and charges;

Electronically issued / Délivré par voie électronique : 24-Apr-2024
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-24-00718993-00CL

(e)     with the consent of the Monitor, and the Interim Lender, amounts owing for goods or services supplied to the Applicants prior to the date of this Order by:

   (i)     warehouse providers, logistics or supply chain providers, including transportation providers, customs brokers, freight forwarders and security and armoured truck carriers, and including amounts payable in respect of customs and duties for goods;

   (ii)    providers of information, internet, telecommunications and other technology, including e-commerce providers and related services;

   (iii)   providers of payment, credit, debit and gift card processing related services; and

   (iv)    other third-party suppliers or service providers if, in the opinion of the Applicants following consultation with the Monitor, such supplier or service provider is critical to the Business and ongoing operations of the Applicants and the Property (as hereinafter defined).

7.     **THIS COURT ORDERS** that, except as otherwise provided to the contrary herein, the Applicants shall be entitled but not required to pay all reasonable expenses incurred by them in carrying on the Business in the ordinary course after this Order, and in carrying out the provisions of this Order and any other Order of this Court, which expenses shall include, without limitation:

(a)     all expenses and capital expenditures reasonably necessary for the preservation of the Property or the Business including, without limitation, payments on account of insurance (including directors and officers insurance), maintenance and security services; and

(b)     payment for goods or services actually supplied to the Applicants following the date of this Order.

Electronically issued / Délivré par voie électronique : 24-Apr-2024
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-24-00718993-00CL

8.      **THIS COURT ORDERS** that the Applicants shall remit, in accordance with legal requirements, or pay:

(a)      any statutory deemed trust amounts in favour of the Crown in right of Canada or of any Province thereof or any other taxation authority which are required to be deducted from the Applicants' employees' wages, including, without limitation, amounts in respect of (i) employment insurance, (ii) Canada Pension Plan, (iii) Quebec Pension Plan, and (iv) income taxes;

(b)      all goods and services taxes, harmonized sales taxes or other applicable sales taxes (collectively, "**Sales Taxes**") required to be remitted by the Applicants in connection with the sale of goods and services by the Applicants, but only where such Sales Taxes are accrued or collected after the date of this Order, or where such Sales Taxes were accrued or collected prior to the date of this Order but not required to be remitted until on or after the date of this Order; and

(c)      any amount payable to the Crown in right of Canada or of any Province thereof or any political subdivision thereof or any other taxation authority in respect of municipal realty, municipal business, workers' compensation or other taxes, assessments or levies of any nature or kind which are entitled at law to be paid in priority to claims of secured creditors and which are attributable to or in respect of the carrying on of the Business by the Applicants.

9.      **THIS COURT ORDERS** that, until a real property lease, including a sublease and related documentation (each, a "**Lease**") to which any Applicant is a party is disclaimed or resiliated in accordance with the CCAA or otherwise consensually terminated, such Applicant shall pay, without duplication, all amounts constituting rent or payable as rent under such Lease (including, for greater certainty, common area maintenance charges, utilities and realty taxes and any other amounts payable to the applicable landlord (each, a "**Landlord**") under such Lease, but for greater certainty, excluding accelerated rent or penalties, fees or other charges arising as a result of the insolvency of the Applicants or the making of this Order) or as otherwise may be negotiated between such Applicant and the Landlord from time to time ("**Rent**"), for the period commencing from and including the date of this Order, twice-monthly in equal payments on the first and fifteenth day of each month, in advance (but not in arrears). On the date of the first of such

Electronically issued / Délivré par voie électronique : 24-Apr-2024
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-24-00718993-00CL

payments, any Rent relating to the period commencing from and including the date of this Order shall also be paid.

10.     **THIS COURT ORDERS** that, except as specifically permitted herein, the Applicants are hereby directed, until further Order of this Court: (a) to make no payments of principal, interest thereon or otherwise on account of amounts owing by any one of the Applicants to any of their creditors as of this date; (b) to grant no security interests, trust, liens, charges or encumbrances upon or in respect of any of the Property; and (c) to not grant credit or incur liabilities except in the ordinary course of the Business or pursuant to this Order or any other Order of the Court.

**RESTRUCTURING**

11.     **THIS COURT ORDERS** that the Applicants shall, subject to such requirements as are imposed by the CCAA, have the right to:

(a)     terminate the employment of such of its employees or temporarily lay off such of its employees as the applicable Applicant deems appropriate;

(b)     disclaim or resiliate, in whole or in part, with the prior consent of the Monitor and the Interim Lender or further Order of the Court, any of their arrangements or agreements of any nature whatsoever and with whomsoever, whether oral or written, as the Applicants deem appropriate, in accordance with section 32 of the CCAA; and

(c)     in consultation with, and with the oversight of the Monitor and in consultation with the Interim Lender, (i) engage in discussions with, and solicit proposals and agreements from, third parties in respect of the liquidation of the inventory, furniture, equipment and fixtures and other property located in and/or forming part of the Property (the "**Liquidation Solicitation Process**"), and return to Court for the approval of any such agreement, and (ii) with the assistance of any real estate advisor or other Assistants as may be desirable, pursue all avenues and offers for the sale, transfer or assignment of the Leases to third parties, in whole or in part, and return to Court for approval of any such sale, transfer or assignment,

all of the foregoing to permit the Applicant to proceed with an orderly restructuring of the Business (the "**Restructuring**").

Electronically issued / Délivré par voie électronique : 24-Apr-2024
Toronto Superior Court of Justice / Cour supérieure de justice

Court File No./N° du dossier du greffe : CV-24-00718993-00CL

12.     **THIS COURT ORDERS** that each Applicant shall provide each of the relevant landlords with notice of such Applicant's intention to remove any fixtures from any leased premises at least seven (7) days prior to the date of the intended removal.  The relevant landlord shall be entitled to have a representative present in the leased premises to observe such removal and, if the landlord disputes an Applicant's entitlement to remove any such fixture under the provisions of the lease, such fixture shall remain on the premises and shall be dealt with as agreed between any applicable secured creditors, such landlord and the applicable Applicant, or by further Order of this Court upon application by such Applicant on at least two (2) days notice to such landlord and any such secured creditors. If an Applicant disclaims or resiliates the lease governing such leased premises in accordance with Section 32 of the CCAA, it shall not be required to pay Rent under such lease pending resolution of any such dispute (other than Rent payable for the notice period provided for in Section 32(5) of the CCAA), and the disclaimer or resiliation of the lease shall be without prejudice to such Applicant's claim to the fixtures in dispute.

13.     **THIS COURT ORDERS** that if a notice of disclaimer or resiliation is delivered pursuant to Section 32 of the CCAA, then (a) during the notice period prior to the effective time of the disclaimer or resiliation, the landlord may show the affected leased premises to prospective tenants during normal business hours, on giving the applicable Applicant and the Monitor 24 hours' prior written notice, and (b) at the effective time of the disclaimer or resiliation, the relevant landlord shall be entitled to take possession of any such leased premises without waiver of or prejudice to any claims or rights such landlord may have against the Applicant in respect of such lease or leased premises, provided that nothing herein shall relieve such landlord of its obligation to mitigate any damages claimed in connection therewith.

**STAY OF PROCEEDINGS**

14.     **THIS COURT ORDERS** that until and including May 3, 2024, or such later date as this Court may order (the "**Stay Period**"), no proceeding or enforcement process in any court or tribunal (each, a "**Proceeding**") shall be commenced or continued against or in respect of the Applicants or the Monitor, or any of their respective employees, directors, advisors, officers and representatives acting in such capacities, or affecting the Business or the Property, except with the prior written consent of the Applicants and the Monitor, or with leave of this Court, and any and all Proceedings currently under way against or in respect of the Applicants, or their employees,

Electronically issued / Délivré par voie électronique : 24-Apr-2024
Toronto Superior Court of Justice / Cour supérieure de justice    **Court File No./N° du dossier du greffe :** CV-24-00718993-00CL

directors, officers or representatives acting in such capacities, or affecting the Business or the Property are hereby stayed and suspended pending further Order of this Court.

15.    **THIS COURT ORDERS** that, to the extent any prescription, time or limitation period relating to any Proceeding against or in respect of any Applicant that is stayed pursuant to this Order may expire, the term of such prescription, time or limitation period shall hereby be deemed to be extended by a period equal to the Stay Period.

**NO EXERCISE OF RIGHTS OR REMEDIES**

16.    **THIS COURT ORDERS** that during the Stay Period, all rights and remedies of any individual, firm, corporation, governmental body or agency, or any other entities (all of the foregoing, collectively being "**Persons**" and each being a "**Person**") against or in respect of the Applicants or the Monitor, or their respective employees, directors, officers, advisors and representatives acting in such capacities, or affecting the Business or the Property, are hereby stayed and suspended except with the prior written consent of the Applicants and the Monitor, or leave of this Court, provided that nothing in this Order shall (a) empower the Applicants to carry on any business which they are not lawfully entitled to carry on; (b) affect such investigations, actions, suits or proceedings by a regulatory body as are permitted by Section 11.1 of the CCAA; (c) prevent the filing of any registration to preserve or perfect a security interest; or (d) prevent the registration of a claim for lien.

**NO INTERFERENCE WITH RIGHTS**

17.    **THIS COURT ORDERS** that during the Stay Period, no Person shall discontinue, fail to honour, alter, interfere with, repudiate, terminate or cease to perform any right, renewal right, contract, agreement, lease, sublease, concession arrangement, licence or permit in favour of or held by the Applicants, except with the prior written consent of the Applicants and the Monitor, or leave of this Court. Without limiting the foregoing, no right, option, remedy, and/or exemption in favour of the relevant Applicants shall be or shall be deemed to be negated, suspended, waived and/or terminated as a result of the insolvency of the Applicants, the commencement of the within proceedings or any related recognition proceedings or this Order.

Electronically issued / Délivré par voie électronique : 24-Apr-2024
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-24-00718993-00CL

## NO PRE-FILING VS POST-FILING SET-OFF

18.     **THIS COURT ORDERS** that, no Person shall be entitled to set off any amounts that: (a) are or may become due to the Applicants in respect of obligations arising prior to the date hereof with any amounts that are or may become due from the Applicants in respect of obligations arising on or after the date of this Order; or (b) are or may become due from the Applicants in respect of obligations arising prior to the date hereof with any amounts that are or may become due to the Applicants in respect of obligations arising on or after the date of this Order, in each case without the consent of the Applicants and the Monitor, or leave of this Court, provided that nothing in this Order shall prejudice any arguments any Person may want to make in seeking leave of the Court or following the granting of such leave.

## CONTINUATION OF SERVICES

19.     **THIS COURT ORDERS** that during the Stay Period,

(a)     all Persons having oral or written agreements with the Applicants or statutory or regulatory mandates for the supply or license of goods, intellectual property and/or services, including without limitation all computer software, trademarks, communication and other data services, centralized banking services, cash management services, payment processing services, payroll and benefit services, insurance, freight services, transportation services, customs clearing, warehouse and logistics services, utility or other services to the Business or the Applicants, are hereby restrained until further Order of this Court from discontinuing, altering, interfering with or terminating the supply or license of such goods or services as may be required by the Applicants;

(b)     that all Persons who receive or collect  proceeds from the sale of the Applicants' inventory for or on behalf of the Applicants, shall promptly remit such proceeds to the Applicants monthly, in accordance with existing arrangements without any additional set-off or deduction whatsoever; and

(c)     that the Applicants shall be entitled to the continued use of their current premises, telephone numbers, facsimile numbers, internet addresses and domain names, provided in each case, that the normal prices or charges for all such goods or services received

Electronically issued / Délivré par voie électronique : 24-Apr-2024
Toronto Superior Court of Justice / Cour supérieure de justice

Court File No./N° du dossier du greffe : CV-24-00718993-00CL

after the date of this Order are paid by the Applicants in accordance with normal payment practices of the Applicants or such other practices as may be agreed upon by the supplier or service provider and the applicable Applicants and the Monitor, or as may be ordered by this Court.

## NON-DEROGATION OF RIGHTS

20.    **THIS COURT ORDERS** that, notwithstanding anything else in this Order, no Person shall be prohibited from requiring immediate payment for goods, services, use of leased or licensed property or other valuable consideration, in each case, provided on or after the date of this Order, nor shall any Person be under any obligation on or after the date of this Order to advance or re-advance any monies or otherwise extend any credit to the Applicants. Nothing in this Order shall derogate from the rights conferred and obligations imposed by the CCAA.

## PROCEEDINGS AGAINST DIRECTORS AND OFFICERS

21.    **THIS COURT ORDERS** that during the Stay Period, and except as permitted by subsection 11.03(2) of the CCAA, no Proceeding may be commenced or continued against any of the former, current or future directors or officers of the Applicants with respect to any claim against the directors or officers that arose before the date hereof and that relates to any obligations of the Applicants whereby the directors or officers are alleged under any law to be liable in their capacity as directors or officers for the payment or performance of such obligations.

## DIRECTORS' AND OFFICERS' INDEMNIFICATION AND CHARGE

22.    **THIS COURT ORDERS** that the Applicants shall indemnify their directors and officers against obligations and liabilities that they may incur as directors or officers of the Applicants after the commencement of the within proceedings, except to the extent that, with respect to any officer or director, the obligation or liability was incurred as a result of the director's or officer's gross negligence or wilful misconduct.

23.    **THIS COURT ORDERS** that the directors and officers of the Applicants shall be entitled to the benefit of and are hereby granted a charge (the "**Directors' Charge**") on the Property, which charge shall not exceed an aggregate amount of USD $2,500,000, as security for the indemnity

Electronically issued / Délivré par voie électronique : 24-Apr-2024
Toronto Superior Court of Justice / Cour supérieure de justice

Court File No./N° du dossier du greffe : CV-24-00718993-00CL

11

provided in paragraph 22 of this Order. The Directors' Charge shall have the priority set out in paragraphs 40 and 42 herein.

24.    **THIS COURT ORDERS** that, notwithstanding any language in any applicable insurance policy to the contrary, (a) no insurer shall be entitled to be subrogated to or claim the benefit of the Directors' Charge; and (b) the Applicants' directors and officers shall only be entitled to the benefit of the Directors' Charge to the extent that they do not have coverage under any directors' and officers' insurance policy, or to the extent that such coverage is insufficient to pay amounts indemnified in accordance with paragraph 22 of this Order.

**APPOINTMENT OF MONITOR**

25.    **THIS COURT ORDERS** that A&M is hereby appointed pursuant to the CCAA as the Monitor, an officer of this Court, to monitor the business and financial affairs of the Applicants with the powers and obligations set out in the CCAA or set forth herein and that the Applicants and their shareholders, partners, members, officers, directors, and Assistants shall advise the Monitor of all material steps taken by the Applicants pursuant to this Order, and shall co-operate fully with the Monitor in the exercise of its powers and discharge of its obligations and provide the Monitor with the assistance that is necessary to enable the Monitor to adequately carry out the Monitor's functions.

26.    **THIS COURT ORDERS** that the Monitor, in addition to its prescribed rights and obligations under the CCAA, is hereby directed and empowered to:

(a)    monitor the Applicants' receipts and disbursements;

(b)    assist the Applicants with the Restructuring;

(c)    assist the Applicants, to the extent required by the Applicants or the Interim Lender, in their dissemination to the Interim Lender and its counsel and financial advisor of financial and other information as agreed to between the Applicants and the Interim Lender, which may be used in these proceedings, including reporting on a basis to be agreed with the Interim Lender;

Electronically issued / Délivré par voie électronique : 24-Apr-2024
Toronto Superior Court of Justice / Cour supérieure de justice

Court File No./N° du dossier du greffe : CV-24-00718993-00CL

12

(d)     report to this Court at such times and intervals as the Monitor may deem appropriate with respect to matters relating to the Property, the Business, and such other matters as may be relevant to the proceedings herein;

(e)     advise the Applicants in their preparation of the Applicants' cash flow statements and the dissemination of other financial information;

(f)     have full and complete access to the Property, including the premises, books, records, data, including data in electronic form, and other financial documents of the Applicants, to the extent that is necessary to adequately assess the Applicants' business and financial affairs or to perform its duties arising under this Order;

(g)     liaise and consult with any Assistants and any liquidator selected through the Liquidation Selection Process, to the extent required, with respect to all matters relating to the Property, the Business and such other matters as may be relevant to the proceedings herein;

(h)     be at liberty to engage independent legal counsel, advisors or such other persons, or utilize the services of employees of its affiliates, as the Monitor deems necessary or advisable respecting the exercise of its powers and performance of its obligations under this Order;

(i)     assist the Applicants, to the extent required by the Applicants, with any matters relating to any foreign proceeding commenced in relation to any of the Applicants; and

(j)     perform such other duties as are required by this Order or by this Court from time to time.

27.     **THIS COURT ORDERS** that the Monitor shall not take possession of the Property and shall take no part whatsoever in the management or supervision of the management of the Business and shall not, by fulfilling its obligations hereunder, be deemed to have taken or maintained possession or control of the Business or Property, or any part thereof.

28.     **THIS COURT ORDERS** that nothing herein contained shall require the Monitor to occupy or to take control, care, charge, possession or management (separately and/or collectively,

Electronically issued / Délivré par voie électronique : 24-Apr-2024
Toronto Superior Court of Justice / Cour supérieure de justice

"**Possession**") of any of the Property that might be environmentally contaminated, might be a pollutant or a contaminant, or might cause or contribute to a spill, discharge, release or deposit of a substance contrary to any federal, provincial or other law respecting the protection, conservation, enhancement, remediation or rehabilitation of the environment or relating to the disposal of waste or other contamination including, without limitation, the *Canadian Environmental Protection Act*, the Ontario *Environmental Protection Act*, the *Ontario Water Resources Act*, the Ontario *Occupational Health and Safety Act*, the British Columbia *Environmental Management Act*, the British Columbia *Riparian Areas Protection Act,* the British Columbia *Workers Compensation Act, the Alberta Environmental Protection and Enhancement Act,* the Alberta *Water Act*, the Alberta *Occupational Health and Safety Act*, the Manitoba *Environment Act*, the Manitoba *Contaminated Sites Remediation Act*, the *Manitoba Workplace Safety and Health Act*, the Quebec *Environmental Quality Act*, and the Quebec *Act Respecting Occupation Health and Safety*, and regulations thereunder (the "**Environmental Legislation**"), provided however that nothing herein shall exempt the Monitor from any duty to report or make disclosure imposed by applicable Environmental Legislation. The Monitor shall not, as a result of this Order or anything done in pursuance of the Monitor's duties and powers under this Order, be deemed to be in Possession of any of the Property within the meaning of any Environmental Legislation, unless it is actually in possession.

29.    **THIS COURT ORDERS** that the Monitor shall provide any creditor of the Applicants with information provided by the Applicants in response to reasonable requests for information made in writing by such creditor addressed to the Monitor. The Monitor shall not have any responsibility or liability with respect to the information disseminated by it pursuant to this paragraph. In the case of information that the Monitor has been advised by the Applicants is confidential, the Monitor shall not provide such information to creditors unless otherwise directed by this Court or on such terms as the Monitor and the Applicants may agree.

30.    **THIS COURT ORDERS** that, in addition to the rights and protections afforded the Monitor under the CCAA or as an officer of this Court, the Monitor shall incur no liability or obligation as a result of its appointment or the carrying out of the provisions of this Order, save and except for any gross negligence or wilful misconduct on its part. Nothing in this Order shall derogate from the protections afforded the Monitor by the CCAA or any applicable legislation.

Electronically issued / Délivré par voie électronique : 24-Apr-2024
Toronto Superior Court of Justice / Cour supérieure de justice

31.    **THIS COURT ORDERS** that the Monitor, counsel to the Monitor, counsel to the Applicants, counsel to the Interim Lender and financial advisor thereto, shall be paid their reasonable fees and disbursements, in each case at their standard rates and charges, whether incurred prior to, on or subsequent to the date of this Order, by the Applicants as part of the costs of these proceedings. The Applicants are hereby authorized and directed to pay the accounts of the Monitor, counsel to the Monitor and, counsel to the Applicants, counsel to the Interim Lender and financial advisor thereto, on such terms as such parties may agree and are hereby authorized to pay to the Monitor, counsel to the Monitor and counsel to the Applicants, retainers, *nunc pro tunc*, to be held by them as security for payment of their respective fees and disbursements outstanding from time to time.

32.    **THIS COURT ORDERS** that the Monitor and its legal counsel shall pass their accounts from time to time, and for this purpose the accounts of the Monitor and its legal counsel are hereby referred to a judge of the Commercial List of the Ontario Superior Court of Justice.

**ADMINISTRATION CHARGE**

33.    **THIS COURT ORDERS** that the Monitor, counsel to the Monitor and counsel to the Applicants shall be entitled to the benefit of and are hereby granted a charge (the "**Administration Charge**") on the Property, which charge shall not exceed an aggregate amount of USD $750,000, as security for their professional fees and disbursements incurred at their standard rates and charges of the Monitor and such counsel, both before and after the making of this Order in respect of these proceedings. The Administration Charge shall have the priority set out in paragraphs 40 and 42 hereof.

**INTERIM FINANCING**

34.    **THIS COURT ORDERS** that on or after the date of this Order and until May 8, 2024, Ted Baker Canada and Ted Baker Limited are hereby authorized and empowered to continue to borrow from Canadian Imperial Bank of Commerce (the "**Interim Lender**") under the existing credit facility (the "**Existing Credit Facility**") pursuant to the Credit Agreement dated as of March 14, 2023 (as amended by a consent and first amendment agreement dated as of August 3, 2023, and as further amended by a second amendment agreement dated as of April 23, 2024, the "**Existing Credit Agreement**") in order to finance the Applicants' working capital requirements

Electronically issued / Délivré par voie électronique : 24-Apr-2024
Toronto Superior Court of Justice / Cour supérieure de justice

Court File No./N° du dossier du greffe : CV-24-00718993-00CL

and other general corporate purposes, capital expenditures and costs of these proceedings (each, an "**Interim Borrowing**" and collectively, the "**Interim Borrowings**"), provided that (i) such Interim Borrowings are to fund obligations which the Applicants, with the consent of the Monitor and the Interim Lender, deem to be necessary for the preservation of the Property or the Business, (ii) such Interim Borrowings shall not, individually or in the aggregate, exceed USD $7,000,000, (iii) such Interim Borrowings under the Existing Credit Facility shall accrue interest at the default rates set out in the Existing Credit Agreement, (iv) Fashion Canada and Fashion US shall be deemed to (a) guarantee and secure the Interim Borrowings, together with all interest accrued thereon and costs and expenses incurred in connection therewith, in the same manner as the other Obligations (as defined in the Existing Credit Agreement) that they have guaranteed and secured under the Existing Credit Agreement and the loan and security documents provided by them in connection therewith, and (b) ratify and acknowledge the guarantees and security they have provided in connection with the Existing Credit Agreement and the loan and security documents provided by them in connection therewith, in each case, without the need for any further guarantee, security or documentation from Fashion Canada or Fashion US, and (v) unless the Interim Lender provides its written waiver, the United States Bankruptcy Court shall have granted an Order pursuant to the *United States Bankruptcy Code*, 11 U.S.C., §§ 101 – 1532, as amended (the "**Bankruptcy Code**"): (a) provisionally recognizing, ordering and giving effect to this Order and the Interim Lender's Charge in the United States, and (b) granting such other provisional relief that is sought by the Applicants, at the request of the Interim Lender.

35.    **THIS COURT ORDERS** that the Applicants are hereby authorized and empowered to execute and deliver such amendments to the Existing Credit Agreement or other documents, if any, as may be reasonably required by the Interim Lender to facilitate any Interim Borrowings, provided that failure to execute any such documentation does not invalidate any Interim Borrowings or the validity or priority of the Interim Lender's Charge.

36.    **THIS COURT ORDERS** that the Interim Borrowings shall mature on May 8, 2024 and be payable in full by the Applicants on such date, together with all interest accrued thereon and costs or expenses incurred in connection therewith.

37.    **THIS COURT ORDERS** that the Interim Lender shall be entitled to the benefit of and is hereby granted a charge (the "**Interim Lender's Charge**") on the Property of each of the

Electronically issued / Délivré par voie électronique : 24-Apr-2024
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-24-00718993-00CL

Applicants, which Interim Lender's Charge shall, for greater certainty, not secure any obligation that exists before this Order is made. The Interim Lender's Charge shall have the priority set out in paragraphs 40 and 42 hereof.

38.    **THIS COURT ORDERS** in the event the Applicants fail to make the payment to the Interim Lender required by paragraph 36 herein, then upon three (3) business days' notice to the Applicants and the Monitor, the Interim Lender may exercise any and all of its rights and remedies against the Applicants or the Property under or pursuant to the Existing Credit Agreement and the Interim Lender's Charge, including without limitation, to cease making advances to the Applicants and, subject to further Order of the Court, set off and/or consolidate any amounts owing by the Interim Lender to any of the Applicants against the obligations of the Applicants to the Interim Lender under the Existing Credit Agreement, this Order or the Interim Lender's Charge, to make demand, accelerate payment and give other notices, or to apply to this Court for the appointment of a receiver, receiver and manager or interim receiver, or for a bankruptcy order against the Applicants or the Property and for the appointment of a trustee in bankruptcy of the Applicants.

39.    **THIS COURT ORDERS** that the Interim Lender shall be treated as unaffected in any plan of arrangement or compromise filed by the Applicants under the CCAA, or any proposal filed by the Applicants under the *Bankruptcy and Insolvency Act* of Canada with respect to any Interim Borrowings.

**VALIDITY AND PRIORITY OF CHARGES CREATED BY THIS ORDER**

40.    **THIS COURT ORDERS** that the priorities of the security interests granted by the Administration Charge, Interim Lender's Charge and the Directors' Charge (collectively, the "**Charges**"), and the Applicants to CIBC, as among them, shall be as follows:

(a)    First – Administration Charge (to the maximum amount of USD $750,000);

(b)    Second – Interim Lender's Charge;

(c)    Third – Security granted with respect to the Existing Credit Facility (excluding the Interim Borrowings); and

(d)    Fourth - Directors' Charge (to the maximum amount of USD $2,500,000).

Electronically issued / Délivré par voie électronique : 24-Apr-2024
Toronto Superior Court of Justice / Cour supérieure de justice

Court File No./N° du dossier du greffe : CV-24-00718993-00CL

41.    **THIS COURT ORDERS** that the filing, registration or perfection of the Charges shall not be required, and that the Charges shall be valid and enforceable for all purposes, including as against any right, title or interest filed, registered, recorded or perfected subsequent to the Charges coming into existence, notwithstanding any such failure to file, register, record or perfect.

42.    **THIS COURT ORDERS** that each of the Charges shall constitute a charge on the Property and such Charges shall rank in priority to all other security interests, trusts (including deemed or constructive trusts), liens, charges and encumbrances, claims of secured creditors, statutory or otherwise (collectively, "**Encumbrances**") in favour of any Person, except for any Person who is a "secured creditor" as defined in the CCAA that has not been served with the Notice of Application for this Order. The Applicants shall be entitled, at the Comeback Hearing (as hereinafter defined), on notice to those Persons likely to be affected thereby, to seek priority of the Charges ahead of any Encumbrance over which the Charges may not have obtained priority pursuant to this Order.

43.    **THIS COURT ORDERS** that except as otherwise expressly provided for herein, or as may be approved by this Court, the Applicants shall not grant any Encumbrances over any Property that rank in priority to, or pari passu with, any of the Charges unless the Applicants also obtain the prior written consent of the Monitor, the Interim Lender and the other beneficiaries of the Charges (collectively, the "**Chargees**"), or further Order of this Court.

44.    **THIS COURT ORDERS** that the Charges shall not be rendered invalid or unenforceable and the rights and remedies of the Chargees thereunder shall not otherwise be limited or impaired in any way by (a) the pendency of these proceedings and the declarations of insolvency made herein; (b) any application(s) for bankruptcy order(s) or receivership order(s) issued pursuant to the BIA or otherwise, or any bankruptcy order or receivership order made pursuant to such applications; (c) the filing of any assignments for the general benefit of creditors made pursuant to the BIA; (d) the provisions of any federal or provincial statutes; or (e) any negative covenants, prohibitions or other similar provisions with respect to borrowings, incurring debt or the creation of Encumbrances, contained in any existing loan documents, lease, sublease, offer to lease or other agreement (collectively, an "**Agreement**") which binds the Applicants, and notwithstanding any provision to the contrary in any Agreement:

Electronically issued / Délivré par voie électronique : 24-Apr-2024
Toronto Superior Court of Justice / Cour supérieure de justice

Court File No./N° du dossier du greffe : CV-24-00718993-00CL

18

(a)     neither the creation of the Charges nor the execution or delivery of any amendment or document pursuant to paragraph 35 hereof shall create or be deemed to constitute a breach by the Applicants of any Agreement to which they are a party**;**

(b)     None of the Chargees shall have any liability to any Person whatsoever as a result of any breach of any Agreement caused by or resulting from the creation of the Charges**,** the Interim Borrowings or the execution or delivery of any amendment or document pursuant to paragraph 35 hereof; and

(c)     the payments made by the Applicants pursuant to this Order, including with respect to the Existing Credit Facility or in respect of the Interim Borrowings and the granting of the Charges do not and will not constitute preferences, fraudulent conveyances, transfers at undervalue, oppressive conduct, or other challengeable or voidable transactions under any applicable law.

45.     **THIS COURT ORDERS** that any Charge created by this Order over leases of real property in Canada shall only be a Charge in the Applicants' interests in such real property leases.

**SERVICE AND NOTICE**

46.     **THIS COURT ORDERS** that the Monitor shall (a) without delay, publish in the Globe & Mail a notice containing the information prescribed under the CCAA; and (b) within five (5) days after the date of this Order, (i) make this Order publicly available in the manner prescribed under the CCAA, (ii) send, or cause to be sent, in the prescribed manner (including by electronic message to the e-mail addresses as last shown in the Applicants' books and records), a notice to all known creditors having a claim against the Applicants of more than $1,000, and (iii) prepare a list showing the names and addresses of such creditors and the estimated amounts of those claims, and make it publicly available in the prescribed manner, all in accordance with Section 23(1)(a) of the CCAA and the regulations made thereunder, provided that the Monitor shall not make the claims, names and addresses of individuals who are creditors publicly available, unless otherwise ordered by the Court.

47.     **THIS COURT ORDERS** that any employee of any of the Applicants who is sent a notice of termination of employment or any other communication by the Applicants after the date hereof shall be deemed to have received such communication by no later than 8:00 a.m. Eastern

Electronically issued / Délivré par voie électronique : 24-Apr-2024
Toronto Superior Court of Justice / Cour supérieure de justice

Court File No./N° du dossier du greffe : CV-24-00718993-00CL

Standard/Daylight Time on the fourth (4th) day following the date any such notice is sent, if such notice is sent by ordinary mail, expedited parcel or registered mail to the individual's address as reflected in the Applicants' books and records; provided, however, that any communication that is sent to an employee of the Applicants by electronic message to the individual's corporate email address and/or the individual's personal email address as last shown in the Applicants' books and records shall be deemed to have been received twenty-four (24) hours after the time such electronic message was sent, notwithstanding  that any such notices of termination of employment or other employee communication was sent pursuant to any other means.

48.     **THIS COURT ORDERS** that the E-Service Protocol of the Commercial List (the "**Protocol**") is approved and adopted by reference herein and, in this proceeding, the service of documents made in accordance with the Protocol (which can be found on the Commercial List website at http://www.ontariocourts.ca//scj/practice/practice-directions/toronto/eservice-commercial/) shall be valid and effective service. Subject to Rule 17.05 this Order shall constitute an order for substituted service pursuant to Rule 16.04 of the Rules of Civil Procedure. Subject to Rule 3.01(d) of the Rules of Civil Procedure and paragraph 21 of the Protocol, service of documents in accordance with the Protocol will be effective on transmission. This Court further orders that a case website shall be established in accordance with the Protocol with the following URL: www.alvarezandmarsal.com/TBRetail (the "**Monitor's Website**").

49.     **THIS COURT ORDERS** that if the service or distribution of documents in accordance with the Protocol or the CCAA and the regulations thereunder is not practicable, the Applicants and the Monitor are at liberty to serve or distribute this Order, any other materials and orders in these proceedings, any notices or other correspondence, by forwarding copies thereof by prepaid ordinary mail, courier, personal delivery, facsimile transmission or electronic message to the Applicants' creditors or other interested parties at their respective addresses (including e-mail addresses) as last shown in the books and records of the Applicants and that any such service or distribution shall be deemed to be received on the earlier of (a) the date of forwarding thereof, if sent by electronic message on or prior to 5:00 p.m. Eastern Standard/Daylight Time (or on the next business day following the date of forwarding thereof if sent on a non-business day); (b) the next business day following the date of forwarding thereof, if sent by courier, personal delivery, facsimile transmission or electronic message sent after 5:00 p.m. Eastern Standard/Daylight Time;

Electronically issued / Délivré par voie électronique : 24-Apr-2024
Toronto Superior Court of Justice / Cour supérieure de justice

26

or (c) on the third (3rd) business day following the date of forwarding thereof, if sent by ordinary mail.

50.    **THIS COURT ORDERS** that the Applicants and the Monitor and their respective counsel are at liberty to serve or distribute this Order, any other materials and orders as may be reasonably required in these proceedings, including any notices, or other correspondence, by forwarding copies thereof by electronic message to the Applicants' creditors or other interested parties and their advisors. For greater certainty, any such distribution or service shall be deemed to be in satisfaction of a legal or judicial obligation, and notice requirements within the meaning of clause 3(c) of the Electronic Commerce Protection Regulations, Reg. 81000-2-175 (SOR/DORS).

**COMEBACK HEARING**

51.    **THIS COURT ORDERS** that the comeback motion in these CCAA proceedings shall be heard on May 3, 2024 (the "**Comeback Hearing**").

**GENERAL**

52.    **THIS COURT ORDERS** that the Applicants or the Monitor may from time to time apply to this Court to amend, vary or supplement this Order or for advice and directions in the discharge of their respective powers and duties hereunder.

53.    **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada or in the United States, to give effect to this Order and to assist the Applicants, the Foreign Representative (as defined below), the Monitor and their respective agents in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Applicants, to the Foreign Representative and to the Monitor, as an officer of this Court, as may be necessary or desirable to give effect to this Order, to grant representative status to the Monitor in any foreign proceeding, or to assist the Applicants, the Foreign Representative and the Monitor and their respective agents in carrying out the terms of this Order.

54.    **THIS COURT ORDERS** that the Applicants and the Monitor be at liberty and are hereby authorized and empowered to seek any relief deemed appropriate by them from the United States

Electronically issued / Délivré par voie électronique : 24-Apr-2024
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-24-00718993-00CL

21

Bankruptcy Court and apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order, and that Ted Baker Canada is hereby authorized and empowered to act as the foreign representative (the "**Foreign Representative**") in respect of the within proceedings for the purpose of having these proceedings recognized in a jurisdiction outside Canada, including acting as a foreign representative of the Applicants to apply to the United States Bankruptcy Court for relief pursuant to chapter 15 of the Bankruptcy Code.

55.    **THIS COURT ORDERS** that any interested party (including the Applicants and the Monitor) may apply to this Court to vary or amend this Order at the Comeback Hearing on not less than five (5) calendar days' notice to any other party or parties likely to be affected by the order sought or upon such other notice, if any, as this Court may order.

56.    **THIS COURT ORDERS** that this Order and all of its provisions are effective as of 12:01 a.m. Eastern Standard/Daylight Time on the date of this Order.

_____

Black J.

Electronically issued / Délivré par voie électronique : 24-Apr-2024
Toronto Superior Court of Justice / Cour supérieure de justice

Court File No./N° du dossier du greffe : CV-24-00718993-00CL

IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF TED BAKER CANADA INC., TED BAKER LIMITED,
OSL FASHION SERVICES CANADA INC., and OSL FASHION SERVICES, INC.

AND IN THE MATTER OF ............................................... R.S.C. 1985, c. C-36, AS AMENDED

Applicants

| | |
|---|---|
| *Ontario*<br>**SUPERIOR COURT OF JUSTICE**<br>**COMMERCIAL LIST**<br><br>Proceeding commenced at Toronto | |
| **INITIAL ORDER** | |
| | **OSLER, HOSKIN & HARCOURT LLP**<br>1 First Canadian Place, P.O. Box 50<br>Toronto, ON M5X 1B8<br>Fax:    416.862.6666<br><br>Tracy C. Sandler (LSO# 32443N)<br>Tel:    416.862.5890<br>Email:    tsandler@osler.com<br><br>Shawn Irving (LSO# 50035U)<br>Tel:    416.862.4733<br>Email:    sirving@osler.com<br><br>Blair McRadu (LSO# 85586M)<br>Tel:    416.862.6665<br>Email:    bmcradu@osler.com<br><br>Marleigh Dick (LSO# 79390S)<br>Tel:    416.862.4725<br>Email:    mdick@osler.com<br><br>Lawyers for the Applicants |